## No. 5042.

### Mrs. CORINNE TESSON and HUSBAND v. A. L. GUSMAN et als.

One of the defendants, A. L. Gusman, moved in the court below to transfer this case to the Circuit Court of th⁻¹ United States, on the ground that he is a citizen of the State of New York, and has that right under the act of Congress approved July 27, 1866, entitled "An Act for the removal of causes in certain cases from the State courts." It appears that there are two defendants besides the one making the application for the removal and that they are citizens of this State.

This being the case, it results from the decision of the Supreme Court of the United States, in the case of Coal Company v. Blatchford, 11 Wallace p. 172, that the case is not transferable under the said act of Congress.

The copy of an act of sale of a lot and house under private signature, attested by two witnesses, one of whom made oath before the recorder of the parish of the execution thereof and of the signature of the parties to the act, is insufficient to prove title to real estate, but the original must be produced and the signature proved, giving the privilege to the defendants of admitting or denying the genuineness of the signature. The evidence should have been rejected.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge.   *Cole*, J.   *Favrot & Lamon*, for plaintiff and appellee.   *S. P. Greves* and *E. W. Robertson*, for defendants and appellants.

TALIAFERRO, J.   The plaintiff sues to be decreed owner of a house and lot in Baton Rouge, which she alleges was sold to her by the ancestor of the defendants.   The answer is a general denial.   The defendants aver that the plaintiff's pretended act of sale was an act under private signature—that no price was paid for the property—that it remained in possession of the pretended vendor, who collected the revenues arising from it and paid the taxes upon it.   They treat the plaintiff's title as a mere simulation.   There was judgment in the court below in favor of the plaintiff, and defendants have appealed.

There are several bills of exceptions found in the record. Two of these only we deem it important to examine. The first is to the refusal of the court on application of one of the defendants, A. L. Gusman, to transfer the cause for trial to the Circuit Court of the United States, on the ground that he is a citizen of the State of New York, and has the right under the act of Congress approved July 27, 1866, entitled "An Act for the removal of causes in certain cases from State courts," to have the cause so removed. It appears there are two defendants beside the one making application for the removal and that they are citizens of this State. This being the case, it would appear from the decision of the Supreme Court of the United States in the case of Coal Company v. Blatchford, 11 Wallace p. 172, that the cause is not transferable under the act of Congress referred to. The Supreme Court of the United States in that case say: "The eleventh section of the judiciary act of 1789 vests in the Circuit Courts original jurisdiction of suits of a civil nature at law and in equity when the matter involved exceeds, exclusive of costs, the sum or value of five hundred dollars, in three classes of cases :

*First*—When the United States are plaintiffs or petitioners.

*Second*—When an alien is a party ; and

*Third*—When the suit is between a citizen of the State where the suit is brought and a citizen of another State. ·

In the last two cases, the designation of the party plaintiff or defendant, is in the singular number, but the designation is intended to embrace all the persons who are on one side however numerous, so that each distinct interest must be represented by person, all of whom are entitled to sue, or are liable to be sued in the Federal courts. In other words, if there are several coplaintiffs the intention of the act is that each plaintiff must be competent to sue, and if there are several codefendants, each defendant must be liable to be sued, or the jurisdiction can not be entertained." We think the application of the plaintiff, A. L. Gusman, for the removal of the cause was properly refused.

The other bill of exceptions was taken to the admission in evidence by the judge, of a certified copy of the act under private signature purporting to be a sale of the house and lot in controversy from Gabriel Gusman to Corinne Tesson. This instrument was attested by two witnesses, one of whom made oath before the recorder of the execution and signature of the parties to the act ; and upon this proof it was admitted to record. The objection was that a copy of an act under private signature is insufficient to prove title to real estate, but that the original must be produced and the signature proved, giving the privilege to the defendants of admitting or denying the genuineness

of the signature. We think the objection was well taken and that the evidence should have been rejected. 5 New Series 175, Norwood & Green ; Civil Code 2240, 2241, 2248, 2249.

The case must be remanded for further proceedings.

It is therefore ordered that the judgment of the District Court be annulled and avoided and reversed.

It is further ordered that this case be remanded for further proceedings according to law, the plaintiff and appellee paying costs of this appeal.